**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-5179**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CAMERON ONEIL ANDERSON,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.
(7:08-cr-00216-HFF-3)

_____

Submitted:  May 27, 2010            Decided:  June 17, 2010

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael D. Brown, RAINEY & BROWN, LLC, Spartanburg, South
Carolina, for Appellant.  Robert Frank Daley, Jr., Jeffrey
Mikell Johnson, Assistant United States Attorneys, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cameron ONeil Anderson appeals his conviction and 1035-month sentence imposed following a jury trial on four counts of robbery and aiding and abetting the same, in violation of the Hobbs Act, 18 U.S.C. §§ 2, 1951(a) (2006) (Counts 1, 3, 5, and 7), and four counts of possession of a firearm in furtherance of a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2006) (Counts 2, 4, 6, and 8). On appeal, Anderson contends that the district court erred in refusing to accept his guilty plea and that the Government engaged in prosecutorial misconduct during the plea hearing. Finding no reversible error, we affirm.

Anderson first argues that the district court erred in refusing to accept his guilty plea. The district court is not required to accept a guilty plea simply because the defendant wishes to plead guilty. North Carolina v. Alford, 400 U.S. 25, 38 n.11 (1970). The district court "may reject a plea in exercise of sound judicial discretion." Santobello v. New York, 404 U.S. 257, 262 (1971). We must determine whether, considering the law and facts, the district court's rejection was an abuse of its discretion.

"Before a court may enter judgment on a plea of guilty, it must find a sufficient factual basis to support the plea." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir.

2

1997); see Fed. R. Crim. P. 11(b)(3). Federal Rule of Criminal Procedure 11(b)(3) "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

Here, the Government proffered facts that Anderson denied. The district court twice gave Anderson the opportunity to explain the facts he did not agree with; however, Anderson failed to provide an explanation. In light of Anderson's denial, the district court rejected Anderson's guilty plea and scheduled him to stand trial with his co-defendant. We find that the district court did not abuse its discretion in rejecting Anderson's guilty plea, as Anderson appeared to deny any involvement in the robberies and did not attempt to clearly explain the facts with which he disagreed.

Anderson also argues that the Government presented misleading information to the district court, compromising his ability to enter a valid plea. Essentially, Anderson's claim is one of prosecutorial misconduct; thus, he is required to prove: "(1) that the prosecutors engaged in improper conduct, and (2) that such conduct prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). Because Anderson failed to raise this issue in the district court, we

review for plain error, affirming unless Anderson "can show that (1) an error was made, (2) it was plain, and (3) it affected [his] substantial rights." Id.

We find that Anderson has failed to demonstrate that the Government engaged in improper conduct at the plea hearing. Anderson alleges that the Government provided false information to the district court, compromising his ability to plead guilty. However, although trial testimony differed somewhat from the facts proffered at the plea hearing, Anderson has offered no evidence showing that the Government intentionally misled the district court. Moreover, Anderson's substantial rights were not affected by the Government's actions during the plea hearing, because he had "no absolute right to have [his] guilty plea accepted," Santobello, 404 U.S. at 262, and there is no indication he was denied a fair trial by any improper governmental action.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4